## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| | : | **VIOLATIONS:** |
| **v.** | : | |
| | : | **50 U.S.C. § 1705** |
| | : | **(International Emergency Economic** |
| | : | **Powers Act)** |
| **BARCLAYS BANK PLC,** | : | |
| | : | **50 U.S.C. app. §§ 5 and 16** |
| | : | **(Trading with the Enemy Act)** |
| | : | |
| **Defendant.** | : | |

### JOINT MOTION FOR APPROVAL OF DEFERRED PROSECUTION AGREEMENT AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The UNITED STATES OF AMERICA and Defendant, Barclays Bank PLC, ("Barclays"), by and through its attorneys, move this Honorable Court for the entry of an Order approving the attached Deferred Prosecution Agreement and for the exclusion of a twenty-four (24) month period in computing the time within which any trial must be commenced upon the charges contained in the Information filed against Barclays, pursuant to Title 18, United States Code, Section 3161(h)(2) of the Speedy Trial Act:

1.      On August 16, 2010, the United States and Barclays, entered into a written Deferred Prosecution Agreement (hereinafter, "the Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit A and incorporated as if fully set forth herein.  The purpose of the Agreement is to allow Barclays to demonstrate its good conduct and implement certain remedial measures.

2.     In Paragraph 1 of the Agreement, Barclays has agreed to waive indictment and has agreed to the filing of a two-count Information in this Court charging it with: (1) willfully violating and attempting to violate the International Emergency Economic Powers Act, 50 U.S.C. § 1705; and (2) willfully violating and attempting to violate the Trading with the Enemy Act, 50 U.S.C. app. §§ 5, 16.

3.     Pursuant to Paragraph 1 of the Agreement, the United States filed the two-count Information with the Clerk of this Court.  A true and correct copy of the Information is attached hereto as Exhibit B and incorporated as if fully set forth herein.

4.     Pursuant to Paragraph 5 of the Agreement and in light of Barclays' remedial actions to date, its willingness to cooperate with the United States, and its agreement to settle any and all civil and criminal claims currently held by the United States for any act within the scope of or related to the Factual Statement through a forfeiture of $149,000,000.00,[1] the United States respectfully recommends to this Court, pursuant to Title 18, United States Code, Section 3161(h)(2), that it approve the Agreement and that all further criminal proceedings, including prosecution of Barclays on the Information filed pursuant to Paragraph 1 of the Agreement, be deferred for a period of twenty-four (24) months.

5.     Barclays hereby joins in and consents to this motion and does not oppose a continuance of all further criminal proceedings for a period of twenty-four (24) months, the exclusion of all time covered by such a continuance for purposes of speedy trial calculations, and for approval by the Court of this deferred prosecution.

---

[1] Barclays has also agreed to pay a separate and additional $149,000,000 pursuant to a Deferred Prosecution Agreement with the District Attorney of the County of New York being entered into contemporaneously, resulting in an overall total forfeiture of $298,000,000.

6.      Barclays hereby agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial pursuant to the Fifth and Sixth Amendments of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for District of Columbia for the period that the Agreement is in effect.

7.      The United States has agreed that if Barclays is in compliance in all respects with all of its obligations under the Agreement, the United States, within thirty (30) days, or earlier, of the expiration of the time period set forth in Paragraph 5 of the Agreement, or at an earlier time at the discretion of the United States, will move this Court for dismissal with prejudice of the Information filed against Barclays pursuant to Paragraph 1 of the Agreement.

[REST      OF      THE      PAGE      IS      INTENTIONALLY      BLANK]

3

WHEREFORE, the United States and BARCLAYS respectfully request that this Honorable Court enter an Order approving the Agreement and continuing all criminal proceedings for a period of twenty-four (24) months.  The United States and BARCLAYS further request that the Court find it to be in the interest of justice to exclude the twenty-four (24) month period from speedy trial calculations pursuant to Title 18, United States Code, Section 3161(h)(2) of the Speedy Trial Act.  A proposed Order is attached for the convenience of the Court.

Respectfully Submitted,

UNITED STATES OF AMERICA

JENNIFER SHASKY CALVERY, Chief
Asset Forfeiture and Money
  Laundering Section



By: /FREDERICK REYNOLDS
    TEXAS BAR 24003453
    Senior Trial Attorney

    KEVIN GERRITY
    TEXAS BAR 24025378
    Trial Attorney
    Asset Forfeiture And
      Money Laundering Section
    U.S. Department of Justice
    1400 New York Avenue, N.W.
    Washington, D.C.  20005
    (202) 514-1263

BARCLAYS BANK PLC



BRUCE W. HICKEY (DC Bar No. 479036)
Sullivan & Cromwell LLP
1701 Pennsylvania Avenue N.W.
Washington DC, 20006

DAVID H. BRAFF
Sullivan &Cromwell LLP
125 Broad St
New York, NY 10004
(212) 558-4705

Counsel for Barclays