# EXHIBIT B

Criminal No. 10-218 (EGS)

UNITED STATES OF AMERICA
BEFORE THE
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, D.C.

NEW YORK STATE BANKING DEPARTMENT
NEW YORK, NEW YORK

| | |
|---|---|
| In the Matter of<br><br>BARCLAYS BANK PLC<br>London, England<br><br>BARCLAYS BANK PLC<br>NEW YORK BRANCH<br>New York, New York | Docket No.   10-165-B-FB<br>              10-165-B-FBR<br><br>Order to Cease and Desist<br>Issued Upon Consent Pursuant<br>to the Federal Deposit<br>Insurance Act, as Amended |

WHEREAS, the Board of Governors of the Federal Reserve System (the "Board of Governors") is the host country supervisor in the United States of Barclays Bank PLC, London, England ("Barclays"), a foreign bank as defined in Section 1(b)(7) of the International Banking Act (12 U.S.C. § 3101(7)) and a registered bank holding company, and its New York Branch (the "New York Branch");

WHEREAS, the New York State Banking Department (the "NYSBD") is the licensing agency of the New York Branch of Barclays, pursuant to Article II of the New York Banking Law ("NYBL"), and is responsible for the supervision and regulation thereof pursuant to the NYBL;

WHEREAS, the United Kingdom's Financial Services Authority ("FSA"), as the home country supervisor of Barclays, has agreed to assist the Board of Governors and NYSBD in the supervision of this Order;

WHEREAS, the United States Department of Justice (the "DOJ"), the District Attorney for the County of New York, New York ("DANY"), and the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC") have been conducting an investigation

into the practices of Barclays concerning the transmission of funds to and from the United States, including through the New York Branch, by and through entities and individuals subject to sanctions regimes imposed under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-06, and the Trading with the Enemy Act, 50 U.S.C. §§ 5, 16, both of which are administered by OFAC;

WHEREAS, in order to resolve the investigations, Barclays has agreed to enter into settlement agreements with the DOJ, DANY, and OFAC, pursuant to which Barclays will pay an aggregate amount of $298 million;

WHEREAS, the Board of Governors, the NYSBD, and Barclays have the common goal to ensure that Barclays, including the New York Branch, complies with OFAC sanctions and regulations (collectively, "OFAC Regulations") wherever they are applicable within the United States or across jurisdictional borders, that Barclays fosters a strong commitment towards compliance with OFAC Regulations, and that Barclays has adequate OFAC compliance systems that cover in an appropriate manner all activities concerning the United States; and

WHEREAS, the Board of Governors, the NYSBD, Barclays, and the New York Branch have agreed to the issuance of this consent Cease and Desist Order (the "Order") against Barclays and the New York Branch (the "Order");

WHEREAS, the Board of Governors issues this Order pursuant to Section 8(b) of the FDI Act (12 U.S.C. § 1818(b)), and the NYSBD issues this Order pursuant to Section 39 of the NYBL; and

WHEREAS, on August 11, 2010, the board of directors of Barclays at a duly constituted meeting adopted a resolution authorizing and directing Mark Harding and Gerard LaRocca

to enter into this Order on behalf of Barclays and the New York Branch, and consenting to compliance by Barclays and the New York Branch and each of their institution-affiliated parties, as defined in Sections 3(u) and 8(b)(4) of the FDI Act (12 U.S.C. §§1813(u) and 1818(b)(4)), with each and every applicable provision of this Order, and waiving any and all rights that Barclays or the New York Branch may have pursuant to 12 U.S.C. § 1818 or 12 C.F.R. Part 263, or otherwise to: (i) the issuance of a Notice of Charges and of Hearing on any matter set forth in this Order; (ii) a hearing for the purpose of taking evidence of any matters set forth in this Order; (iii) judicial review of this Order; and (iv) challenge or contest, in any manner, the basis, issuance, validity, terms, effectiveness or enforceability of this Order or any provision hereof.

NOW, THEREFORE, before the filing of any notices, or taking of any testimony or adjudication of or finding on any issues of fact or law herein, and without this Order constituting an admission by Barclays or the New York Branch of any allegation made or implied by the Board of Governors or the NYSBD in connection with this matter, and solely for the purpose of settling this matter without a formal proceeding being filed and without the necessity for protracted or extended hearings or testimony, it is hereby ordered that Barclays and the New York Branch shall take affirmative action as follows:

**OFAC Compliance Program**

1.     Within 90 days of this Order, Barclays shall submit to the Federal Reserve Bank of New York (the "Reserve Bank") and the NYSBD (collectively, the "Supervisors") an acceptable global OFAC compliance program to ensure Barclays' global compliance with OFAC Regulations (the "OFAC Compliance Program"). The OFAC Compliance Program may include elements from existing or already proposed compliance systems, but, at a minimum, shall include and provide for:

(a) An annual assessment of OFAC compliance risks arising from Barclays' business activities and customer base, including risks arising from transaction processing and trade finance activities conducted by or through Barclays' global operations;

(b) policies and procedures to ensure compliance with OFAC Regulations in Barclays' business activities, including screening with respect to transaction processing and trade financing for Barclays' direct and indirect customers;

(c) the establishment of an OFAC compliance reporting system that is widely publicized within the organization and integrated into Barclays' other reporting systems in which employees report known or suspected violations of OFAC Regulations, and that includes a process to ensure that known or suspected OFAC violations are promptly escalated to appropriate compliance personnel for appropriate resolution and reporting;

(d) procedures to ensure that the OFAC Compliance Program is fully integrated into Barclays' overall compliance programs, with adequate staffing and funding;

(e) training for Barclays employees in OFAC-related issues appropriate to the employee's job responsibilities that is provided on an ongoing, periodic basis; and

(f) an audit program designed to test for compliance with OFAC.

2. (a) During the term of this Order, to ensure that the OFAC Compliance Program is functioning effectively to detect, correct, and report OFAC sanction transactions when they occur (the "OFAC Compliance Review"), Barclays shall conduct on an annual basis:

    (i) a review of Barclays' OFAC compliance policies and procedures and their implementation, and

    (ii) an appropriate risk-focused sampling of U.S. dollar payments.

(b) The OFAC Compliance Review, the first of which shall commence one year after the date of this Order, shall be conducted by an independent consultant acceptable to the Supervisors and the FSA. No later than 30 days before scheduled commencement of the OFAC Compliance Review, Barclays shall submit an engagement letter acceptable to the Supervisors and the FSA that details the independent consultant's scope of work.

(c) The OFAC Compliance Review shall be conducted in accordance with generally accepted auditing standards and the results of each review shall be submitted to the Supervisors, OFAC, and the FSA within 90 days of the anniversary date of this Order.

3. Within 60 days of the Supervisors' approval of the OFAC Compliance Program required by paragraph 1, Barclays and the New York Branch shall complete a comprehensive OFAC risk assessment for the New York Branch with particular attention to transactions involving affiliates. A copy of the risk assessment shall be submitted to the Supervisors and the FSA upon its completion.

**Approval, Implementation, and Progress Reports**

4. (a) Barclays shall submit a written program and an engagement letter that are acceptable to the Supervisors within the applicable time periods set forth in paragraphs 1 and 2(b) of this Order.

(b) Within 10 days of approval by the Supervisors, Barclays shall adopt the approved program. Upon adoption, Barclays shall promptly implement the approved program and thereafter fully comply with it.

(c) During the term of this Order, the approved program and engagement letter shall not be amended or rescinded without the prior written approval of the Supervisors.

5.     Within 30 days of the end of each quarter following the date of this Order, Barclays shall submit to the Supervisors and the FSA written progress reports detailing the form and manner of all actions taken to secure compliance with the provisions of this Order, and the results thereof.  The Supervisors may, in writing, discontinue the requirement for progress reports or modify the reporting schedule.

**Communications**

6.     All communications regarding this Order shall be addressed to:

    (a)     Caroline Frawley
           Vice President
           Federal Reserve Bank of New York
           33 Liberty Street
           New York, NY 10045

    (b)     Regina Stone
           Deputy Superintendent
           New York State Banking Department
           One State Street
           New York, New York 10004

    (c)     Vesna McCreery
           Barclays Bank PLC
           1 Churchill Place
           London, England E14 5HP

    (d)     Yvette Hollingsworth
           Barclays Capital
           745 Seventh Avenue
           New York, NY 10019

**Miscellaneous**

7.     The provisions of this Order shall not bar, estop or otherwise prevent the Board of Governors, the Reserve Bank, the NYSBD, or any other U.S. federal or state agency or department from taking any other action affecting Barclays, the New York Branch, or any of

their current or former subsidiaries, affiliates, institution-affiliated parties, or their successors and assigns.

8. Each provision of this Order shall remain effective and enforceable according to the laws of the United States of America, until jointly stayed, modified, terminated, or suspended by the Supervisors.

9. The provisions of this Order shall be binding on Barclays, the New York Branch, their institution-affiliated parties, and their successors and assigns.

10. Notwithstanding any provision of this Order, the Reserve Bank and the NYSBD may, in their sole discretion, grant written extensions of time to Barclays and the New York Branch to comply with any provision of this Order.

By order of the Board of Governors of the Federal Reserve System and the New York State Banking Department effective this 16th day of August 2010.

| BARCLAYS BANK PLC | BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM |
|---|---|
| By: /s/ Mark Harding<br>    Mark Harding<br>    Group General Counsel | By: /s/ Jennifer J. Johnson<br>    Jennifer J. Johnson<br>    Secretary of the Board |
| BARCLAYS BANK PLC<br>NEW YORK BRANCH | NEW YORK STATE BANKING DEPARTMENT |
| By: /s/ Gerard LaRocca<br>    Gerard LaRocca<br>    New York Branch Manager | By: /s/ Regina Stone<br>    Regina Stone<br>    Deputy Superintendent |