```
                      UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
   --------------------------X
   UNITED STATES OF AMERICA,      Docket No. CR 10-218
                 Plaintiff,

         v.                       Washington, D.C.
```
**August 16, 2010**
```
                                  1:25 p.m.

   BARCLAYS BANK PLC,
                 Defendant.
   --------------------------X
```

***HEARING ON THE JOINT MOTION FOR APPROVAL OF DEFERRED
PROSECUTION AGREEMENT (STATUS)***
*BEFORE THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE*


APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | U.S. DEPARTMENT OF JUSTICE, Asset Forfeiture & Money Laundering Section |
| | By:  Mr. Kevin B. Gerrity |
| |      Mr. Frederick W. Reynolds |
| | 1400 New York Avenue, N.W. |
| | Suite 10100 |
| | Washington, D.C.  20135 |
| | 202.353.8915 |
| | *kevin.gerrity@usdoj.gov* |
| | *frederick.reynolds@usdoj.gov* |
| For the Defendant: | SULLIVAN & CROMWELL, LLP |
| | By:  Mr. Bruce W. Hickey |
| | 1701 Pennsylvania Ave., N.W. |
| | Suite 800 |
| | Washington, D.C.  20006 |
| | 202.956.7055 |
| | *hickeyb@sullcrom.com* |
| | SULLIVAN & CROMWELL, LLP |
| | By:  Mr. David H. Braff |
| | 125 Broad Street |
| | New York, NY  10004 |
| | 212.558.4705 |
| | *braffd@sullcrom.com* |

ALSO PRESENT:
BARCLAYS' CORP. REP:  Ms. Deborah Cooper

```
1   APPEARANCES:  (CONT'D)

2   Court Reporter:        Catalina Kerr, RPR, CRR
                           U.S. District Courthouse
3                          Room 6509
                           Washington, D.C.  20001
4                          202.354.3258
                           catykerr@msn.com
5

6   Proceedings recorded by mechanical stenography, transcript

7   produced by computer.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2              (1:25 P.M.; OPEN COURT; DEFENDANT'S ATTORNEYS
 3    PRESENT.)
 4              THE DEPUTY CLERK:  Criminal Case 10-218, United
 5    States versus Barclays Bank PLC.  Would counsel please
 6    identify yourselves for the record.
 7              MR. GERRITY:  Kevin Gerrity for the Department of
 8    Justice, along with...
 9              MR. REYNOLDS:  Frederick Reynolds for the Department
10    of Justice, Your Honor.
11              THE COURT:  All right.  Good afternoon, Counsel.
12              MR. GERRITY:  Good afternoon, Your Honor.
13              MR. HICKEY:  Your Honor, Bruce Hickey, Sullivan &
14    Cromwell, on behalf of Barclays Bank.
15              THE COURT:  All right.
16              MR. BRAFF:  And, Your Honor, David Braff from
17    Sullivan & Cromwell, also on behalf of Barclays Bank.
18              THE COURT:  All right.  All right.  Who had a pro
19    hac vice issue?  Has that been resolved?
20              MR. BRAFF:  No.  The application, Your Honor, is
21    pending before the Court.  I'm David Braff, and I am moving
22    for permission to appear today pro hac, and Mr. Hickey has
23    moved my admission.
24              THE COURT:  Great.  I'll grant that provisionally,
25    and once the written motion comes across the desk, I'll sign
```

1  that as well.  Welcome to the Court.
2          MR. BRAFF:  Thank you, Your Honor.
3          THE COURT:  All right.  I had a preliminary question
4  before we started, Counsel, and that is whether or not
5  Mr. Harding is present.
6          MR. BRAFF:  Mr. Harding is not present.  Deborah
7  Cooper who is at counsel table, who is the head of group
8  litigation and who's worked under Mr. Harding's direction is
9  here.
10         THE COURT:  Right.  Mr. Harding, though, signed
11 acknowledgment indicating that he's read the agreement, that
12 he's had an opportunity to discuss the agreement with the
13 Bank's attorneys, that the Bank fully and completely
14 understands it, that the Bank is fully satisfied with it and
15 that he is authorized to enter into the agreement.
16         MR. BRAFF:  Well, he is author- -- he was one of the
17 authorized parties to enter into the agreement.  Ms. Cooper
18 has been authorized by the Bank and has specific authorization
19 by the Bank to speak at today's hearing to the terms of the
20 agreement and to the process and the like by which the
21 agreement was reached.
22         THE COURT:  Where is he?
23         MR. BRAFF:  He's in London.
24         THE COURT:  He's too busy to come here today?
25         MR. BRAFF:  No, Your Honor, but we didn't have an

1   understanding that it was necessary for him to be here.

2               THE COURT:  I think it is necessary.  I mean, he's
3   the one that had the authority to bind this bank for doing
4   business with the enemy.  He's the one that signed these
5   pleadings.  He should be here.

6               MR. BRAFF:  Well, we can arrange to get him here,
7   Your Honor.  We did not -- I apologize to the Court, but we
8   did not have an understanding --

9               THE COURT:  Well, I think he should be here.
10              What's the Government's position on that?

11              MR. GERRITY:  Your Honor, I think, and perhaps Mr.
12  Braff can elaborate with what Ms. Cooper's authorizations are
13  in regards to the Bank and her authority that she's been given
14  in regards to binding the Bank for potentially explaining what
15  that --

16              THE COURT:  I mean, if she wants to sign a similar
17  acknowledgment indicating that she has all of this authority
18  to enter into this agreement -- I mean, he's not here.  He
19  would be the one with whom the Court would conduct the
20  colloquy just like any other plea agreement or deferred
21  prosecution agreement.

22              What I'm concerned about -- and it may well be that
23  we'll have to postpone this until he can get here.  What I'm
24  concerned about is that at a later date, within the next 24
25  months or sooner, the Corporation has some concerns about what

1  takes place today, and then an argument is made that
2  Ms. Cooper, with all due respect to Ms. Cooper, did not have
3  the authority to bind the Bank.  That's what I'm concerned
4  about, because he's the one who signed this.
5         MR. BRAFF:  Well, we do have -- Ms. Cooper does have
6  a written letter of authorization.  I don't know whether that
7  would resolve the Court's concerns.  It may not.
8         THE COURT:  I don't know.  I haven't seen it.  I'm
9  also concerned because no one apparently has a copy of the
10 resolution that the Corporation passed to enter into this
11 agreement.
12        MR. BRAFF:  We do have that.  I apologize for that
13 as well.  We do have it electronically.  We could either
14 forward it to the Court or read it, but we did pull it up
15 electronically.
16        THE COURT:  I mean, that's a critical document.  I
17 mean, we're talking about what, a 298-million dollar
18 forfeiture here and a deferred prosecution.  I mean, the
19 stakes are pretty high here.
20        How would you like to proceed?  I think Harding
21 should be here.  If you want to take a minute or two to talk
22 among yourselves, I mean, Harding is the one who signed this,
23 this agreement.  Doesn't indicate anyone else has this
24 authority.
25        MR. GERRITY:  Can we just have one minute, Your

1  Honor?

2              THE COURT:  Yeah, sure.

3              MR. GERRITY:  Thank you.

4              THE COURT:  Let me take a short recess.  I'll take a
5  five-minute recess to let you talk among yourselves.

6              MR. BRAFF:  Your Honor, let me ask one question
7  before.

8              THE COURT:  Sure.

9              MR. BRAFF:  Which is that we understand that
10 Mr. Harding is available by telephone.

11             THE COURT:  Absolutely not.  I wouldn't think of
12 accommodating him, in allowing him to enter a plea agreement
13 or post or a deferred prosecution plea agreement over the
14 phone.  If he wants to do that, he can get on a boat or a
15 plane and get here like anyone else who wants to plead guilty
16 in this court.  I'm not going to accommodate him that way.
17 Absolutely not.  And I'm not going change my mind on that.

18             So, if you want to pick another date where he can be
19 here, that's fine.  I'll be happy to accommodate you.

20             MR. BRAFF:  Okay.

21             THE COURT:  But he's not going to plea on the phone.
22 No.  I'll take five minutes.

23             THE DEPUTY CLERK:  This honorable court now stands
24 in brief recess.

25             (A BRIEF RECESS WAS TAKEN.)

1           THE DEPUTY CLERK:  Please remain seated and come to
2    order.
3           THE COURT:  All right.  Thank you for the additional
4    documents, but we're not in a position to proceed today.
5    Mr. Harding is going to have to be present.  He's going to be
6    treated the same as anyone else who comes to court, enters a
7    plea of guilty or a plea to deferred prosecution.  They stand
8    up in court, they're administered an oath in the presence of a
9    judge and the proceedings commence and conclude appropriately.
10          Also, they can do that tomorrow or Wednesday, at any
11   time that's convenient for everyone.  Also, so that the record
12   is clear, I understand there may not be one document,
13   settlement relating to historic payment practices signed by
14   everyone.  I understand that the directors are located in
15   different places of the world, and that's fine, but I think
16   that so the record is complete, there should not be any
17   problem whatsoever for the Bank to file with the Court copies
18   of each director's signature who has approved and authorized
19   the director or the general counsel to proceed.  I don't think
20   that's asking too much of the Defendant.  So, that's going to
21   have to be filed.
22          And again, I have hearings tomorrow and Wednesday on
23   requests for injunctive relief.  They're busy days.  I
24   understand that this matter is time sensitive as well and I
25   can appreciate the reasons why.  I'm available to proceed with

1   the plea at a time and date that's convenient for not only

2   counsel, but for the Court.  I'm open to any suggestions you

3   may wish to make at this point.

4                I have a hearing on an injunction tomorrow at

5   10:00 o'clock that I've already moved once over the weekend to

6   10:00 o'clock and that's probably going to be about a two-hour

7   proceeding or less, hopefully less, and I can make other

8   adjustments in my calendar tomorrow to accommodate everyone.

9                Or Wednesday after that, it's going to be a little

10  more difficult.  I do have a hearing on another request for

11  injunctive relief at 10:00 o'clock on Wednesday.  I have

12  probably some flexibility there.

13               Actually, I have -- I'm wide on the 18th,

14  Wednesday, the afternoon, if you want to do it the afternoon

15  of the 18th.

16               I just think we ought to proceed in the appropriate

17  way.  Mr. Harding was given a lot of authority.  He's not

18  here, that's fine, but I think we need him here, and I just

19  don't like -- I just don't feel comfortable proceeding with,

20  well, someone else has authority because here's a letter

21  signed by someone and it just makes me feel uncomfortable,

22  especially for the amount of money involved.

23               We're talking what, almost $300 million, and a

24  deferral of a very serious prosecution.  I think the very

25  least that the public should demand is that Mr. Harding be

1   here in open court to be sworn in by my clerk and to be asked
2   a series of questions that he's going to have to answer as
3   group general counsel on behalf of the Defendant.
4            Again, I'm not casting any aspersions on Ms. Cooper
5   whatsoever.  It's not her fault that we can't proceed today.
6   I think that's the more appropriate way to proceed.
7            Does anyone have any questions about that?  And how
8   can I accommodate the parties?  You want to do it Wednesday
9   afternoon?
10           MR. BRAFF:  Your Honor, David Braff again.  I have a
11  call in to Mr. Harding, and Mr. Harding will obviously be
12  here.  He would have been here.  I did not think it was
13  necessary.  I take responsibility for wasting the Court's
14  time.  Mr. Harding would be happy to be here.
15           THE COURT:  Let me just stop you for one second.
16  All right.  If for some reason he can't, I mean, the
17  Corporation is represented by brilliant counsel.  There may be
18  other ways to address this.  Maybe someone else, by virtue of
19  a corporate resolution, can be given the authority to enter
20  into this plea agreement.
21           It's not just a matter of winding up the
22  investigations.  It's a matter of proceeding with the plea
23  colloquy.  So, if he's not, for some reason, then I'll leave
24  it to counsel and the resources of your firm and the
25  Corporation to figure out another way that we can properly

```
 1   proceed with a Rule 11 inquiry or colloquy, all right.
 2               MR. BRAFF:  Thank you, Your Honor.
 3               THE COURT:  I mean, that's my timetable.  Now, if I
 4   need to make some adjustments in some way to accommodate
 5   everyone, I'll be happy to do that.  The one I have the least
 6   desire to change is the hearing for tomorrow at 10:00 o'clock.
 7   I really do.  But I guess proceeding at 9:00 o'clock, I could
 8   do that.  I could proceed at 9:00 o'clock.  That's not the
 9   most desirable way to proceed, but I'm flexible.  I probably
10   have more flexibility tomorrow afternoon and I certainly have
11   flexibility Wednesday afternoon.
12               MR. BRAFF:  Mr. Harding is in, as I understand it,
13   either Portugal or London, and so to fly overnight, it would
14   probably be in the afternoon that would be --
15               THE COURT:  Right.  I hope you understand why I'm
16   doing this.  I'm not trying to be a stickler, but I mean, the
17   stakes are pretty high here and he's one that authorized --
18   that's been authorized by the Corporation to enter into this
19   plea agreement, and that's what we're talking about.
20               So, he's going have to raise his hand and say, "I
21   understand it and the Corporation is willing waive certain
22   things and to perform in a certain way," and that's the reason
23   why I'm requiring that.
24               He's not being treated any differently than anyone
25   else who comes before this court to plead guilty or either to
```

1   enter into an agreement to postpone or defer prosecution.
2   He'll be treated the same way as everyone else, and I think
3   that's the way the system should work.  And indeed, the system
4   gets criticized when you start making concessions in cases for
5   reasons that arguably are not cogent.  So, that's fine.
6          If you want to put this on hold and just leave it
7   uncertain as to when we reassemble, we can do that as well, or
8   I can continue it until tomorrow morning for status hearing
9   purposes, I can do that, and find out just what your pleasure
10  is tomorrow morning before I start the injunction hearing.  I
11  can do that.
12         MR. BRAFF:  That will be fine, Your Honor, if that
13  would be convenient for the Court.
14         THE COURT:  It's convenient for me.  Let's just say
15  at -- how about 9:45?  I know I'll be here at 10:00, so 9:45.
16         MR. GERRITY:  Whatever is your pleasure, Your Honor.
17         THE COURT:  All right.  I do need that document,
18  though, that says the Corporation authorizes this, and it can
19  be the piecemeal.  I understand it may not be one document
20  that's fully executed.  I need something.  The record should
21  have that in there.  This is what the Corporation wants.  This
22  is what we want and all the directors have signed it.  That
23  should be a part of the file and Mr. -- and Mr. Harding as
24  well.
25         MR. BRAFF:  We'll have that for the Court tomorrow.

1  THE COURT: All right. Thank you.

2  MR. BRAFF: Thank you.

3  THE COURT: I'll just continue this matter until

4  9:45. All right. Thank you.

5  MR. BRAFF: Your Honor, just for clarity.

6  THE COURT: Yes.

7  MR. BRAFF: It will just be counsel because

8  Mr. Harding, there's no physical way for him to be here.

9  THE COURT: No, I understand that. Look, and you

10  know what, and if the stakes weren't as high, believe me, we

11  use the telephone a lot, but for this type of matter, I don't

12  think it's appropriate to do that. I really don't think it's

13  appropriate, and I don't think it looks good either.

14  I don't think it looks good in terms of, you know,

15  the public's perception about how we do business, and I think

16  the Bank should be concerned about that, the public's

17  perception of the Bank and how it does business.

18  I think it's an accommodation that the Court should

19  not make under all these circumstances. All right.

20  9:45 tomorrow. All right. Thank you.

21  (PROCEEDINGS END AT 2:00 P.M.)

22  *-*-*-*

**CERTIFICATE OF REPORTER**

23  I, Catalina Kerr, certify that the foregoing is a
correct transcript from the record of proceedings in the
24  above-entitled matter.

_____    _____
25  Catalina Kerr                                Date