UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NO. 10-218 (EGS) |
| | : | |
| BARCLAYS BANK PLC, | : | |
| | : | |
| Defendant. | : | |

## STATUS REPORT BY THE UNITED STATES

Pursuant to the Court's November 22, 2011 order, the United States of America ("United States") respectfully submits this Status Report concerning compliance by Barclays Bank PLC ("Barclays") with its obligations under the Deferred Prosecution Agreement ("DPA"), dated August 16, 2010, between Barclays and the United States.  Under the DPA, Barclays is required to meet certain obligations during the twenty-four (24) month duration of the DPA (August 16, 2010 to August 16, 2012).  As set forth below, to date, Barclays has provided all information requested by the United States and has met all deadlines imposed.  This report addresses each of Barclays' continuing obligations under the DPA, as well as those that have matured since Barclays' last status report to the Court on November 14, 2011.  The United States has continued to monitor Barclays' DPA obligations, including Paragraph 6(j) of the DPA which required Barclays to certify that it has complied with all of its obligations under Paragraph 6 by May 16, 2012 (twenty-one (21) months after the DPA was executed).  Barclays filed that Certification on May 15, 2012.

1. Paragraph 6(a) of the DPA provides that "by August 6, 2011, Barclays' Head of Compliance and Regulatory Affairs must certify that comprehensive training on Barclays policy regarding U.N., U.S., and E.U. sanctions has been completed by all employees who are: (1) involved in the processing or investigation of United States Dollar ("USD") payments and their direct or indirect supervisors; (2) involved in the execution of USD-denominated securities trading orders and their direct or indirect supervisors; and (3) U.S. citizens located outside the United States who are involved in transactions or business activities involving cross-border payments[.]"

Status: On June 30, 2011, Barclays Head of Compliance and Regulatory Affairs certified to the United States that the above training had been timely completed.

2. Paragraph 6(c) of the DPA provides that "Barclays must maintain the electronic database of SWIFT MT payment messages and other internal Barclays documents, collected and maintained by Barclays external counsel in connection with Barclays' investigation into this matter, relating to USD payments processed during the period from 2000 through June 30, 2007 in electronic format for a period of five years from the execution of this Agreement[.]"

Status: Barclays, through its counsel, has confirmed that it continues to maintain the database as required.

3. Paragraph 6(d) of the DPA provides that "Barclays must completely and truthfully disclose to the United States all information and materials in its possession, custody, or control relating to any transaction within the scope of or relating to the Factual Statement that the United States or its Designated Agency may request, including, but not limited to, all information about the activities of Barclays present and former directors, officers, employees,

consultants, representatives, agents, subsidiary entities, minority-owned entities, and affiliated entities[.]"

Status: To date, Barclays has provided all requested information.

4. Paragraph 6(e) of the DPA provides that "Barclays must assemble, organize, translate, and provide, in a responsive and prompt fashion, all information and materials in the possession, custody, or control of Barclays relating to any transaction within the scope of or relating to the Factual Statement as may be requested by the United States[.]"

Status: To date, Barclays has provided all requested information.

5. Paragraph 6(f) of the DPA provides that "Barclays must use its good faith efforts to make available, at its cost, Barclays' and its successors' current and former directors, officers, employees, consultants, representatives, and agents, to provide information and materials, and to testify as requested by the United States, including sworn testimony before a grand jury or in any judicial proceeding, and interviews with the United States and Designated Agencies relating to any transaction within the scope of or relating to the Factual Statement[.]"

Status: To date, the United States has not made any such requests.

6. Paragraph 6(g) of the DPA provides that "Barclays must provide information, materials, and testimony as necessary or requested to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or judicial proceeding[.]"

Status: To date, the United States has not made any such requests.

7. Paragraph 6(h) of the DPA provides that "Barclays must implement compliance procedures and training designed to ensure that the Barclays compliance officer in charge of sanctions is made aware, in a timely manner, of any known requests or attempts by any entity

3

(including, but not limited to, Barclays' customers, financial institutions, companies, organizations, groups, or persons) to withhold or alter its name or other identifying information where the request or attempt appears to be related to circumventing or evading U.S. sanctions laws. Barclays' Head of Compliance and Regulatory Affairs, or his or her designee, shall report to the United States the name and contact information of any entity that makes such a request[.]"

Status:  To date, Barclays, through counsel, has informed the United States of a number of compliance procedures and trainings that it has implemented to ensure compliance with this requirement of the DPA, which are described in Paragraph 3 of the Certification submitted by Mr. Michael Walters, Head of Compliance and Regulatory Affairs, filed on May 15, 2012. The United States agrees with Barclays that these compliance procedures and trainings continue to meet the obligations set forth in Paragraph 6(h) of the DPA.

8.      Paragraph 6(i) of the DPA provides that "Barclays must abide by any and all orders and regulations regarding remedial measures or other required actions related to this matter issued by either (1) the Board of Governors of the Federal Reserve System or (2) the Office of Foreign Assets Control of the United States Department of the Treasury[.]"

Status:  The Board of Governors of the Federal Reserve System ("Federal Reserve") in conjunction with the State of New York Department of Financial Services ("Department of Financial Services") issued a Cease and Desist Order against Barclays, effective August 16, 2010.  The Office of Foreign Assets Control ("OFAC") of the United States Department of Treasury issued a settlement agreement with Barclays, effective August 18, 2010.  The United States has asked the Federal Reserve and the Department of Financial Services for an interim letter to confirm Barclays' continued compliance with the Cease and Desist Order, to include compliance with recommendations made by an independent consultant's OFAC Compliance

Review report, dated November 14, 2011. The United States anticipates receiving that interim letter by June 6, 2012.

9.      Paragraph 6(j) of the DPA provides that "Barclays must provide certification by Barclays' Head of Compliance and Regulatory Affairs twenty-one (21) months from execution of this Agreement that he or she (1) has reviewed the foregoing commitments contained in Paragraph 6 of this Agreement; (2) has made inquiries with relevant Barclays personnel, including the responsible heads of internal audit and operations; and (3) based on those inquiries, can attest that Barclays has, to the best of such officer's ability to determine, complied with the commitments contained in Paragraph 6 of this Agreement[.]"

Status: Under the DPA, this obligation matured on May 16, 2012. Barclays timely filed its certification.

10.     Paragraph 6(k) of the DPA provides that "Barclays must, to the extent that a United States request requires transmittal through formal government channels, use its best efforts to facilitate such transmittal and agree not to oppose any request made in accordance with applicable law either publicly or privately. Nothing in this Agreement shall be construed to require Barclays to produce any documents, records or tangible evidence that are protected by the attorney-client privilege or work-product doctrine of the United Kingdom or other applicable confidentiality, criminal, or data protection laws."

Status: To date, the United States has not made any such requests.

11.     Paragraph 10 of the DPA provides that "[i]f the United States determines during the term of this Agreement that Barclays has committed any federal crime" it may be subject to prosecution.

5

Status:  In verifying Barclays' compliance with Paragraph 10, the United States has continued to confer with federal law enforcement and to query available databases for reported activity that may constitute any federal crimes. To date, the United States is not aware that Barclays has committed any federal crime during the term of the DPA, and continues to monitor its compliance under Paragraph 10.

12. Paragraph 12 of the DPA provides that Barclays shall not "make any public statement contradicting, excusing, or justifying any statement of fact contained in the Factual Statement."

Status:  The United States is not aware of any public statements made by Barclays that violate this paragraph.

## CONCLUSION

To the best of the United States' knowledge, Barclays has continued to comply with all applicable provisions of the DPA to date.

Respectfully Submitted,

UNITED STATES OF AMERICA

JENNIFER SHASKY CALVERY, Chief
Asset Forfeiture and Money
 Laundering Section

By:   s/Daniel M. Marposon
DANIEL M. MARPOSON
Texas Bar 792191
Trial Attorney
Asset Forfeiture and Money
 Laundering Section
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
(202) 598-2243

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court and defense counsel using CM/ECF on May 30, 2012.

By:  s/Daniel M. Marposon
 DANIEL M. MARPOSON
 Texas Bar 792191
 Trial Attorney
 Asset Forfeiture and Money
  Laundering Section
 U.S. Department of Justice
 1400 New York Avenue, NW
 Washington, DC 20005
 (202) 598-2243