```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2   --------------------------X
     UNITED STATES OF AMERICA,      Docket No. CR 10-218
 3                  Plaintiff,

 4        v.                        Washington, D.C.
                                    November 22, 2011
 5                                  11:55 p.m.

 6   BARCLAYS BANK PLC,
                     Defendant.
 7   --------------------------X

 8                        STATUS HEARING
                BEFORE THE HONORABLE EMMET G. SULLIVAN
 9                 UNITED STATES DISTRICT JUDGE

10   APPEARANCES:

11   For the Plaintiff:    U.S. DEPARTMENT OF JUSTICE, Asset
                            Forfeiture & Money Laundering Section
12                         By:  Mr. Daniel M. Marposon
                                Ms. Seetha Ramachandran
13                         1400 New York Avenue, N.W.
                           Washington, D.C.  20530
14                         202.307.2115
                           daniel.marposon2@usdoj.gov
15                         frederick.reynolds@usdoj.gov

16   For the Defendant:    SULLIVAN & CROMWELL, LLP
                           By:  Mr. Steven R. Peikin
17                              Mr. Davis H. Braff
                           125 Broad Street
18                         New York, NY  20004
                           212.558.4705
19                         peikins@sullcrom.com
                           braffd@sullcrom.com
20
     Court Reporter:       Catalina Kerr, RPR, CRR
21                         U.S. District Courthouse
                           Room 6509
22                         Washington, D.C.  20001
                           202.354.3258
23                         catykerr@msn.com

24   Proceedings recorded by mechanical stenography, transcript
     produced by computer.
25
```

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2               (11:55 P.M.; OPEN COURT.)
 3               THE DEPUTY CLERK:  CR 10-218, United States versus
 4    Barclays Bank.  Would parties please identify yourselves for
 5    the record.
 6               MR. MARPOSON:  Good afternoon.  Your Honor, Daniel
 7    Marposon for the United States.
 8               THE COURT:  All right.  I think it's still morning.
 9    I think it's about five minutes to 12:00, I think, but
10    whatever.  Good morning, afternoon.  All right, Counsel, your
11    colleague?
12               MR. MARPOSON:  Your Honor, with the United States
13    this morning is Seetha Ramachandran.  She's my supervisor.
14    She's the deputy chief at the asset forfeiture and money
15    laundering section.
16               THE COURT:  All right.  Good morning.
17               MR. PEIKIN:  Good morning, Your Honor.  Steven
18    Peikin for Barclays Bank.
19               THE COURT:  All right.  Good morning.
20               MR. BRAFF:  And David Braff for Barclays Bank.
21               THE COURT:  All right.  Good morning.
22               All right.  Let me hear from Government counsel.
23    You did file a status report.
24               MR. MARPOSON:  Yes, sir.
25               THE COURT:  And the Court's read it and the
```

```
 1  supplemental status report.  If you'd like to summarize it for
 2  the record, I'd be delighted to hear your summary.
 3              MR. MARPOSON:  Your Honor, in summary, the United
 4  States has provided the Court with those -- with those filings
 5  to share with the Court that in sum and substance, Barclays
 6  Bank has been in compliance with the DPA, in particular
 7  paragraph 6 of the DPA.  Paragraph 6A through K has some
 8  specific obligations that have come due matured during this
 9  past week since the last November of 2010 status hearing, and
10  those particular items are as follows, Your Honor.
11              That in 6 -- paragraph 6A, Barclays was to provide a
12  certification that it's provided training to all its employees
13  concerning its UN, U.S. and EU sanctions policy, and we've got
14  a June 30, 2011 letter from Barclays' head of compliance
15  regulatory affairs that covers that and tells us that they've
16  got that accomplished.
17              Skipping to paragraph 6E, Your Honor, that was a
18  requirement for Barclays to maintain for a period of five
19  years it's Swift MT payment messages for the time period of
20  2000 to 2007, and in communication with Barclays' counsel,
21  they assure us that that's being maintained.
22              Paragraph 6D and E, I address those together, Your
23  Honor.  That's a requirement for Barclays to disclose and then
24  provide any information that might be requested of them
25  regarding any transaction that is mentioned in the factual
```

1  statement.  In that particular case, Your Honor, Barclays has
2  been in compliance and provided information to the Government.
3  I think there are two particular instances that are referenced
4  in Barclays' status report.
5        Your Honor, paragraph 6F and 6G, which I've --
6  covering together, that requires Barclays to testify in any
7  grand jury or judicial proceedings and to provide evidence if
8  requested at any criminal or judicial proceedings, and Your
9  Honor, today, during this past year, there have not been any
10 instances where we've had to burden them with that kind of a
11 request.
12       Paragraph 6H requires Barclays to implement
13 procedures for all of its employees, Your Honor, to be aware
14 of any attempts to circumvent U.S. sanction laws and to have a
15 procedure for those to be elevated to its compliance officers.
16 And again, through Barclays' counsel, they've confirmed that
17 those policies and trainings have been put in place.
18       And Your Honor, we -- we are receiving from Barclays
19 reports of instances or suggestions that they're catching
20 things that come up during those compliance efforts of
21 rejected or blocked transactions, and that's essentially, I'd
22 say, a bulk of what provides a lot of good communication
23 between the Government and Barclays through their counsel
24 almost on a weekly or biweekly basis where they are informing
25 us proactively of those things they come across, and then

1  we're monitoring those things to see what, if anything, we
2  need to be followed up, and that monitoring is continuing as
3  well, Your Honor.
4      Your Honor, I think one of the most important things
5  that we've provided to the Court, and again, just in the
6  supplemental filing that the Government provided yesterday,
7  that was a copy of a November 21, 2011 letter from the Federal
8  Reserve System Board of Governors in New York State Department
9  of -- formerly the banking department, now the Department of
10 Financial Services, and they're certifying to the Government
11 and for the Court, Your Honor, that Barclays has -- has been
12 in compliance generally and they -- they listed four bullets
13 in that letter that I'd just highlight for the Court.
14      Going back to November 12th, 2010, Barclays did
15 submit its proposed OFAC compliance program.  That was
16 approved by the supervisors on January 7th of 2011, and then
17 going forward on March 8 of 2011, Barclays was required to do
18 a comprehensive risk assessment of its New York branch bank,
19 and then March 8th of 2011 was the date that they certified
20 that they completed that.
21      And then it was mentioned at last year's hearing,
22 Your Honor, that August would be an important milestone in
23 this case, August of 2011, and Your Honor, that was to
24 commence the annual OFAC compliance review, and the
25 supervisors, the Fed Reserve and the Department of Financial

1   Services, they are certifying that Barclays provided them a
2   letter on July 15th, 2011 indicating that they've -- that
3   they have retained an independent consultant.  I think it's
4   Ernst and Young, from my conversations, Your Honor, to conduct
5   that annual compliance.  So they -- they complied with that.
6   That review, I believe, was done and that's getting us to the
7   November 14th of 2011 date, that Barclays submitted a copy
8   of the report from its independent auditor to the supervisors
9   for their review.
10             And I understand from the letter and conversations,
11  Your Honor, with counsel for the supervisors that -- that that
12  report is being reviewed.  If there is anything that comes up
13  in terms of a discrepancy or a concern, they're going to
14  communicate that back to Barclays through its counsel and then
15  they're going to continue monitoring any -- anything that
16  they -- any of that feedback that they have.
17             Your Honor, the remaining few items from the DPA in
18  paragraph 6J, that provides an obligation that has not matured
19  yet.  It's a requirement that 21 months from the date of the
20  deferred prosecution agreement, 21 months from August 16th
21  of 2010, Barclays is to provide an overall certification that
22  it's in compliance with paragraph 6 of the DPA.  And I just
23  noted on my calendar that would, I believe, be May 16th of
24  2012, we might be thinking about coming back here at some
25  point to check the status on that.

1           Again, that's obviously for the Court, Your Honor.
2           And paragraph 6K, that requires Barclays to assist
3  the United States with any transmittals through formal
4  government channels.  Your Honor, we haven't had any such
5  requests for that.  Paragraph 10 of the DPA makes it very
6  clear that Barclays still faces prosecution if perchance it
7  were to violate any federal -- federal crimes, and certainly
8  in conversation with counsel we have no indication of that.
9           But the United States has gone just a little bit
10 further for the Court's benefit and we've conferred with law
11 enforcement, in particular the FBI to run some queries to make
12 sure that there's no open prosecutions, open investigations
13 going on concerning similar violations, and I got assurance
14 back that there is no such -- nothing coming up on their radar
15 screen.
16          And Your Honor, last, Your Honor, the -- Barclays
17 was required in paragraph 12 not to make any sort of
18 statements that might contradict what is already agreed to in
19 the factual statement, and again, we've used some in-house
20 investigators of our financial exploitation team to run some
21 open source queries.  It turned up this DPA on the Barclays
22 2010 annual report, but it merely discloses the DPA, and we
23 weren't able to find anything in any way inconsistent, and
24 that's a pretty good overall status, Your Honor.
25          THE COURT:  All right.  So the Government -- to sum

```
 1  it up, the Government is satisfied with Barclays' compliance
 2  with the DPA.
 3              MR. MARPOSON:  Absolutely, Your Honor.
 4              THE COURT:  Is there anything that -- is there any
 5  area that needs improvement in the Government's view?  Any
 6  area of compliance?
 7              MR. MARPOSON:  No, Your Honor.  I think sometimes
 8  you might worry about communication but I think communication
 9  in this case is excellent.
10              THE COURT:  All right.  And it's your recommendation
11  that there be another status hearing in May, around May 16th
12  or so or sooner or --
13              MR. MARPOSON:  I think subsequent to May 16th when
14  we would have that certification, it seems like Barclays --
15              THE COURT:  It should be after May 16th then.
16              MR. MARPOSON:  Afterwards, but they always seem to
17  be a little ahead of the game.
18              THE COURT:  Right.  And this is a two-year DPA, I
19  believe.  It doesn't it expire in August, I believe, '12?
20              MR. MARPOSON:  Yes, that's correct, Your Honor.
21              THE COURT:  All right.  Thank you.
22              MR. MARPOSON:  Thank you.
23              THE COURT:  Let me hear from the Defendant.
24              MR. PEIKIN:  Judge, Mr. Marposon accurately
25  described our compliance with the deferred prosecution
```

1  agreement.  You know, I agree with every accounting that he's
2  made in terms of, you know, our compliance with the
3  provisions, and I'm happy to answer any questions.
4           THE COURT:  Sure.  Do you think that the
5  Government's request has been reasonable or unreasonable
6  during the past many months?
7           MR. PEIKIN:  They've been reasonable and consistent
8  with their power to request of us under the deferred
9  prosecution agreement.
10          THE COURT:  I don't have any questions.  I'm not
11 surprised that there has been, you know, 100 percent
12 compliance.  There's a lot at stake.  There was a lot at stake
13 when this was presented to the Court, and so I'm not surprised
14 at all that there has been total compliance.
15          I -- my inclination is to schedule another status
16 hearing probably in June because May 16th is an important
17 date for the parties.  And as with any other case where the
18 Court is either reviewing in terms of supervised relief or
19 probation, or as in this case, DPA, is there anything the
20 Court can do to assist the parties?  Anything?
21          MR. PEIKIN:  Not on behalf of the Bank, Your Honor.
22          THE COURT:  And for the Government?
23          MR. MARPOSON:  No, Your Honor.
24          THE COURT:  You're satisfied with everything that's
25 being done up to this point.  May I suggest 11:30 on June the

1   6th for the next status hearing?
2           MR. PEIKIN:  That's fine for the Bank, Your Honor.
3           THE COURT:  With a report to be filed by no later
4   than May 30th.  That's a week prior to June 6th.
5           All right.  Anything further?  Anything?
6           MR. MARPOSON:  Nothing further for the United
7   States, Your Honor.
8           THE COURT:  Barclays.
9           MR. PEIKIN:  Nothing.
10          THE COURT:  The parties are excused.  Thank you.
11          MR. MARPOSON:  Thank you, Your Honor.
12          (PROCEEDINGS END AT 12:07 P.M.)
13                          *-*-*-*
14                    **CERTIFICATE OF REPORTER**
15          I, Catalina Kerr, certify that the foregoing is a
16  correct transcript from the record of proceedings in the
17  above-entitled matter.
18
19
20  _____    _____
    Catalina Kerr                      Date
21
22
23
24
25