```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
--------------------------X
UNITED STATES OF AMERICA,      Docket No. CR 10-218
             Plaintiff,

     v.                        Washington, D.C.
                               June 25, 2012
                               10:16 a.m.

BARCLAYS BANK PLC,
             Defendant.
--------------------------X
```

### *STATUS HEARING*
*BEFORE THE HONORABLE EMMET G. SULLIVAN*
*UNITED STATES DISTRICT JUDGE*

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | U.S. DEPARTMENT OF JUSTICE, Crim. Div. |
| | By:  Mr. Daniel M. Marposon |
| |     Ms. Seetha Ramachandran |
| | 1400 New York Avenue, N.W. |
| | Washington, D.C.  20005 |
| | 202.598.2243 |
| | *daniel.marposon2@usdoj.gov* |
| | *seetha.ramachandran@usdoj.gov* |
| For the Defendant: | SULLIVAN & CROMWELL, LLP |
| | By:  Mr. Steven R. Peikin |
| | 125 Broad Street |
| | New York, NY  10004 |
| | 212.558.7228 |
| | *peikins@sullcrom.com* |
| Court Reporter: | Catalina Kerr, RPR, CRR |
| | U.S. District Courthouse |
| | Room 6509 |
| | Washington, D.C.  20001 |
| | 202.354.3258 |
| | *catykerr@msn.com* |

Proceedings recorded by mechanical stenography, transcript produced by computer.

```
 1                       P-R-O-C-E-E-D-I-N-G-S
 2               (10:16 A.M.; OPEN COURT.)
 3               THE DEPUTY CLERK:  Criminal Case 10-218, United
 4   States versus Barclays Bank.  Would counsel please identify
 5   yourselves for the record.
 6               MR. MARPOSON:  Good morning, Your Honor.  Dan
 7   Marposon for the United States.
 8               THE COURT:  Good morning, Counsel.
 9               MR. MARPOSON:  Also with me is Seetha Ramachandran.
10               THE COURT:  All right.  Good morning.
11               MR. MARPOSON:  From Asset Forfeiture Money
12   Laundering Section.
13               MR. PEIKIN:  Good morning, Your Honor.  Steven
14   Peikin for Barclays Bank.
15               THE COURT:  All right.  Good morning.
16               All right.  I read the reports, the supplemental
17   reports.  Would you like to supplement your supplement?
18   Anything further?
19               MR. MARPOSON:  Your Honor, only if the Court has
20   questions.  I rest on the --
21               THE COURT:  Well, it appears that Barclays is doing
22   everything that the Government has requested it to do.
23               MR. MARPOSON:  They are, Your Honor.
24               THE COURT:  In an effort to avoid any further
25   criminal proceeding or any further proceedings.
```

1       Are there any indications that it's not in
2  100 percent full compliance with the Government's request?
3  Are there any shortcomings anywhere?
4       MR. MARPOSON:  No, Your Honor.  At this point I
5  think the Government's satisfied that all the trainings
6  that --
7       THE COURT:  And the training is imperative, isn't
8  it?
9       MR. MARPOSON:  Yes, Your Honor.  Trainings are being
10 conducted.  Follow-up training is being provided.  The
11 Government's been receiving regular monthly reports of any
12 sort of block transactions that come to the attention of the
13 bank, and as far as -- as matters that relate to the DPA, I
14 think we're satisfied that it's been in compliance.
15      THE COURT:  Now, in your supplement, the Government
16 filed a copy of the letter dated May 30th from the Board of
17 Governors of the Federal Reserve System, so indeed this is a
18 joint -- is this a joint venture by the Justice Department and
19 the -- and the state of New York as well and the federal -- I
20 guess I'm just unclear about what the connection between the
21 two proceedings.  It sounds as if there's a lot of oversight
22 being provided by the state of New York as well.
23      MR. MARPOSON:  Well, there's two operative
24 documents, Your Honor, that seize and desist order that the
25 parties to that are the Federal Reserve Bank and then New York

```
 1  State Department of Financial Services, and then the Federal
 2  Government's document being a deferred prosecution agreement
 3  and the statement of facts.
 4          THE COURT:  I guess what I'm asking is, it appears
 5  that everyone is working in tandem them, correct?
 6          MR. MARPOSON:  Absolutely.  And we're relying on the
 7  state of New York.
 8          THE COURT:  Absolutely.  All right.  Which is how it
 9  should be, I think.  I would imagine it would be more
10  productive if indeed all oversight is being conducted
11  simultaneously and in tandem and that's the way it's going on.
12          MR. MARPOSON:  Yes, sir.
13          THE COURT:  All right.  Counsel, you have anything?
14          MR. PEIKIN:  Nothing to add, Your Honor.
15          THE COURT:  What's your recommendation for any
16  further proceedings in this case?  Should there be another
17  status hearing?
18          MR. MARPOSON:  I think we're going to try to defer
19  to the Court as to whether it thought we needed to come back
20  again before making our final assessment.
21          THE COURT:  And your final assessment is anticipated
22  when?
23          MR. MARPOSON:  After August 16$^{th}$ of 2012.  That
24  would be the two-year point, Your Honor.
25          THE COURT:  Right.
```

1        MR. MARPOSON: We'd go ahead and file our motion to
2    dismiss the charging document.
3        THE COURT: So it seems to me that it probably makes
4    no sense to have another status hearing prior to the August
5    date, and maybe -- maybe a date in the fall? September,
6    October or so? Hopefully the final hearing for the parties
7    or...
8        MR. PEIKIN: Judge, I would just note that there are
9    no other milestones left to complete other than, you know, the
10   ongoing obligations to respond to requests for information and
11   keep documents, et cetera. There is no additional sort of
12   touch point between now and August, I guess, 18 or 16th
13   when --
14       THE COURT: So let me just throw this out. If -- if
15   there's nothing else required of the Bank to do, what would
16   happen on August the 16th? What would the Government tell
17   Barclays on August the 16th?
18       MR. MARPOSON: I think we'd all confer and just put
19   our heads together, Your Honor, but the operative document
20   would be the Government's motion to dismiss the information.
21       THE COURT: All right. Then maybe -- maybe what the
22   Court should do is just wait and see. I have -- there's
23   nothing before me to suggest that the Government's not going
24   to file a motion to dismiss and there are no indicators being
25   offered now to -- by the Government to suggest that that's not

Case 1:10-cr-00218-EGS   Document 30   Filed 02/14/13   Page 6 of 7

6

1   going to happen, so in all likelihood it will happen around

2   August the 16th or thereafter; is that right?

3               MR. MARPOSON:  Yes, sir.  And Your Honor, if there

4   were any matters that came to the Government's attention, we'd

5   certainly put those forward to the Court.

6               THE COURT:  All right.

7               MR. PEIKIN:  Judge, if it were acceptable to the

8   Court, you know, I would suggest that, you know, by the

9   two-year period the Government either file a motion with the

10  Court and the Court could either act on that without our

11  presence or call us in if it saw a need to do so.

12              THE COURT:  I think that makes sense.  I don't want

13  anyone to spend money unnecessarily, and I think that makes

14  sense.  So, in the event that the Government plans, and in

15  fact, does file its motion to dismiss, I'll probably -- Well,

16  I'll just take a wait-and-see attitude, take a look at the

17  motion, and it may well be that I can address that motion on

18  the papers and not require anyone to be present in court or

19  the filing of a response.

20              If it's a motion to dismiss, of course you're not

21  going to object to it, and if it's a motion to dismiss, there

22  would probably be no need to file any of the supplemental

23  pleading by Barclays, so why don't I just wait, await the

24  filing of the motion to dismiss and then determine if it's

25  necessary to bring anyone in at that point.

```
 1              All right.
 2              MR. PEIKIN:  Very good.
 3              THE COURT:  All right.  Thank you.
 4              MR. MARPOSON:  Thank you, Your Honor.
 5              THE COURT:  Have a nice day.
 6              (PROCEEDINGS END AT 10:25 A.M.)
 7                          *-*-*-*
```

## CERTIFICATE OF REPORTER

I, Catalina Kerr, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____   _____
Catalina Kerr                    Date